**Affirmed and Plurality, Concurring, and Dissenting Opinions filed December 31, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00685-CV

---

## HIGHTOWER, RUSSO & CAPELLAN, Appellant

## V.

## IRESON, WEIZEL & HIGHTOWER, P.C., Appellee

---

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2010-80230**

---

## C O N C U R R I N G   O P I N I O N

Intervenor/appellee Ireson, Weizel & Hightower, P.C. (the "Ireson Firm") has a valid and enforceable contingency-fee contract with the plaintiff in the trial court below (the "Client"). Under this contract, the Ireson Firm is entitled to recover the entire contingency fee at issue in this appeal. Intervenor/appellant Hightower, Russo & Capellan (the "Hightower Firm") does not have any contingency-fee contract with the Client, nor does the Hightower Firm claim to

have one.

The Ireson Firm intervened in the trial court below seeking to protect its contingency-fee interest in the amounts paid by the defendants in settlement of the Client's claims. Timothy Hightower, individually and on behalf of the Hightower Firm, intervened in the trial court below. But, this intervention was based on ongoing disputes between Hightower and the Ireson Firm and its other shareholders. In this intervention, Ira Weizel, a shareholder of the Ireson Firm, was named as a defendant.

In their intervention petition, Hightower and the Hightower Firm (collectively the "Hightower Parties") alleged that (1) Weizel and the Ireson Firm breached fiduciary duties that they owed to the Hightower Parties and caused damages to the Hightower Parties by using proceeds from the Ireson Firm's accounts receivables to pay off more than $200,000 on a bank note that Hightower had not guarantied rather than to pay a bank note that Hightower had guarantied, on which approximately $160,00 was owed; (2) because of these alleged breaches of fiduciary duty, Weizel and the Ireson Firm should be required to pay off the note that Hightower had guarantied; (3) the Ireson Firm is not entitled to recover any part of its contingency fee under its agreement with the Client until the note Hightower guarantied is paid in full and until Hightower receives a fair and equitable distribution of the Ireson Firm's assets according to the Ireson Firm "partnership documents"; (4) the trial court should render a declaratory judgment ordering Weizel and the Ireson Firm to recover the $200,000 paid on the note not guarantied by Hightower, to pay in full the note guarantied by Hightower, and to place the remainder of these funds in the registry of the court for distribution consistent with the findings of a jury or the trial court.

Notably, the Hightower Firm did not assert any quantum-meruit claim

2

against the Client or against the Ireson Firm. Nor did the Hightower Firm plead that it had an enforceable contingency-fee contract with the Client, and at trial there was no evidence of such a contract. The Hightower Firm did not plead that it had an agreement or arrangement with the Ireson Firm under which the Ireson Firm agreed to divide or share part of the Ireson Firm's contingency fee with the Hightower Firm, and at trial there was no evidence of such an agreement or arrangement.

At the end of the bench trial on the interventions, the trial court granted the Ireson Firm's motion to strike the Hightower Parties' interventions to the extent these interventions deal with "partnership issues" or claims regarding the assets and liabilities of the Ireson Firm. On appeal, the Hightower Firm has not challenged the striking of this part of its intervention.

To the extent subsections (f) and (g) of Texas Disciplinary Rule of Professional Conduct 1.04 apply in the case under review, the Hightower Firm has not pleaded or presented evidence of a written consent by the Client in compliance with subsection (f)(2). *See* Tex. Disciplinary R. Prof'l Conduct 1.04(f),(g) (adopted by order of Jan. 28, 2005, effective Mar. 1, 2005, and *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. A). Indeed, the Hightower Firm has not pleaded or presented evidence of any arrangement or agreement between the Ireson Firm and the Hightower Firm for a division of the Ireson Firm's contingency fee that could have been the subject of such a consent by the Client. *See id*. Even if subsections (f) and (g) of Texas Disciplinary Rule of Professional Conduct 1.04 did not apply in the case under review, the Hightower Firm has not pleaded or proved a legal theory under which the Hightower Firm has rights to all or a part of the contingency-fee interest that the Client assigned to the Ireson Firm under the contingency-fee contract. After the trial court's order striking part of the

3

Hightower Firm's intervention, the Hightower Firm is not asserting a claim against the Client or the Ireson Firm for a money judgment. On this record, the pleadings and the trial evidence do not entitle the Hightower Firm to recover any part of the Ireson Firm's contingency-fee interest. The Ireson Firm agreed at trial that the Hightower Firm could receive $7,446.15 of the $56,928.15 contingency fee, and the trial court rendered judgment on this basis. The pleadings and trial evidence do not provide a basis for awarding the Hightower Firm more than $7,446.15.

Based on this analysis, this court should affirm the trial court's judgment. Because it does not, I respectfully decline to join the plurality opinion, but I concur in the judgment.


/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Christopher and Donovan. (Donovan, J., plurality) (Christopher, J., dissenting).

4